**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4482**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLIE O'BRYANT TERRY, a/k/a Breezy,

Defendant - Appellant.

**No. 18-4483**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLIE O'BRYANT TERRY, a/k/a Breezy,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00153-BR-1; 5:07-cr-00055-BR-1)

Submitted: May 31, 2019                           Decided: June 20, 2019

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

R. Clarke Speaks, Wilmington, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Charlie O'Bryant Terry pleaded guilty to obstruction of justice and possession of a firearm by a convicted felon, the district court sentenced him to 240 months' imprisonment, plus a consecutive 24-month term for violating the supervised release imposed on a prior federal conviction. On appeal from both judgments, Terry contends that the district court ignored the nonfrivolous arguments he raised at the combined sentencing and revocation hearing. For the reasons discussed below, we vacate both sentences and remand for resentencing.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we must consider whether the district court adequately explained its chosen sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). Moreover, "where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (brackets and internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *Blue*, 877 F.3d at 519 (brackets and internal quotation marks omitted). Conversely, a court's failure

to address a defendant's nonfrivolous sentencing arguments renders the resulting sentence procedurally unreasonable. *Id.*

The parties dispute the district court's handling of two of Terry's mitigation arguments. First, Terry, who committed the underlying offenses just months after his release from a lengthy prison term, asserted that the Bureau of Prisons failed to facilitate his reintegration into society by neglecting to place him in a halfway house upon release. Second, while acknowledging that he had not earned a substantial assistance motion, Terry nevertheless asked the district court to take into account his efforts to cooperate. Although the district court addressed several of the 18 U.S.C. § 3553(a) (2012) factors and stated that it had considered the entire record, the court failed to address either of these arguments, let alone explain why they were unpersuasive. *See United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) ("[T]he district court cannot meet its responsibility through broadly referring to the § 3553(a) factors in lieu of addressing the parties' non-frivolous arguments.").

In addition, based on our review of the record, we conclude that neither argument was frivolous. The halfway house argument invited the district court to examine Terry's personal history and characteristics, as well as the circumstances leading up to the instant offenses. *See* 18 U.S.C. § 3553(a)(1). And, although the Government claims otherwise, the court was free to consider Terry's cooperation in the course of applying the § 3553(a) factors even in the absence of a substantial assistance motion. *See United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014) (collecting cases "holding that a sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of

whether the Government files a [substantial assistance] motion"). Finally, the Government makes no attempt to carry its burden of demonstrating that the court's procedural errors are harmless. *See Ross*, 912 F.3d at 745.[1] In any event, we find it plausible that the court might have imposed lower sentences had it specifically addressed Terry's nonfrivolous mitigation arguments, though we express no opinion as to the sentences that should be imposed on remand. *Id.*[2]

Accordingly, we vacate both sentences and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[1] After the parties had the opportunity to present evidence and argue, the district court imposed both the conviction and revocation sentences. The Government maintains that Terry's mitigation arguments pertained only to the conviction sentences and that he made no nonfrivolous arguments with regard to his revocation sentence. Given the nature of the joint hearing, however, we assume that the court understood the parties' proffered evidence and arguments to bear on the appropriate sentences for both the convictions and the supervision revocation. Thus, we disagree with the Government's assertion that Terry failed to present any nonfrivolous arguments concerning his revocation sentence.

[2] In light of our determination that the district court's procedural errors were not harmless, we do not reach Terry's challenge to the substantive reasonableness of his sentences. *See Blue*, 877 F.3d at 522.