**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4276**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRIS PAULEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:18-cr-00170-1)

Submitted:  October 22, 2019                         Decided:  November 14, 2019

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Clarksburg, West Virginia, Jonathan D. Byrne, Assistant Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Rachel Kincaid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chris Pauley appeals the 57-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Pauley argues that the district court committed procedural sentencing error by failing to adequately explain its basis for rejecting his nonfrivolous arguments in mitigation and challenges the substantive reasonableness of his sentence, which was within Pauley's Sentencing Guidelines range. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We first examine the sentence for "significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) (2012), or inadequately explaining the chosen sentence. *Id*. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id*.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented" and explain the basis for its sentence sufficiently to "allow[ ] for meaningful appellate review" and to "promote[ ] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, __ S. Ct. __, 2019 WL 4922236 (U.S. Oct. 7, 2019) (No. 18-9654). "The adequacy of the sentencing court's

2

explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that [we] can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018).

Review of the record reveals that the district court individually assessed Pauley's case and considered his nonfrivolous arguments for a downward variant sentence. In its detailed discussion of the § 3553(a) sentencing factors, the court highlighted a variety of considerations relevant to Pauley's sentencing and addressed several of the facts emphasized by Pauley—particularly, that Pauley did not possess the firearm at issue for any criminal purpose. The court nonetheless found that Pauley's disrespect for authority and the law, as well as his propensity for violence, demonstrated vis-à-vis Pauley's extensive and violent criminal history, were more significant. Viewed as a whole, we conclude that the court's statements at sentencing reflect that it considered but rejected Pauley's mitigation arguments. *See Blue*, 877 F.3d at 521. Because the court's discussion of its sentencing calculus does not require us to "guess at the district court's rationale," but instead readily illuminates the basis for its sentencing decision and enables meaningful appellate review, *Ross*, 912 F.3d at 745 (internal quotation marks omitted); *see Harris*, 890 F.3d at 485-86, we reject Pauley's assignment of procedural sentencing error.

3

We turn, then, to Pauley's claim that his sentence is substantively unreasonable. *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012); *see Blue*, 877 F.3d at 519-20. "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Pauley's 57-month sentence was the highest sentence available under the calculated Guidelines range. To undermine the presumption of reasonableness that thus attaches to this sentence, Pauley contends that his Guidelines range as calculated "did not accurately reflect the nature and circumstances of the offense." (Appellant's Br. (ECF No. 12) at 17) (internal quotation marks omitted). Pauley's argument, therefore, relies on the same core reasons advanced to support his request for a downward variance, to wit: that the involved firearm was not as destructive as others that support an enhanced base offense level[*] and that Pauley possessed this firearm only briefly and for a noncriminal purpose.

We discern no abuse of the district court's considerable sentencing discretion in electing to give controlling weight to the need to promote respect for the law, given Pauley's extensive and violent criminal record, and to the need to deter Pauley and other convicted felons from possessing firearms of any type, for any duration of time. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a)

---

[*] *See* <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(a)(4)(B) (2018).

4

factors"). Accordingly, we hold that Pauley fails to overcome the presumption of substantive reasonableness afforded his within-Guidelines sentence.

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*