**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4043**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELO MCKINLEY COOPER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, Chief District Judge. (4:18-cr-00030-BO-1)

Submitted: November 27, 2019                    Decided: December 5, 2019

Before KING and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, Joseph Bart Gilbert, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo McKinley Cooper pled guilty, pursuant to a written plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012) (Count 2). The district court calculated an advisory Sentencing Guidelines range of 2 to 8 months' imprisonment on Count 1, plus a mandatory consecutive term of 60 months' imprisonment on Count 2. The court sentenced Cooper to 24 months on Count 1 and 60 months on Count 2. On appeal, Cooper argues that his upward-variant sentence is procedurally and substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration and internal quotation marks omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

2

Cooper first argues that the district court procedurally erred by not adequately explaining the sentence it imposed for Count 1 or its reasons for rejecting his arguments for a reduced sentence and the Government's recommendation for a sentence at the bottom of the Guidelines range. "When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented" and explain the basis for its sentence sufficiently to "allow[ ] for meaningful appellate review" and to "promote[ ] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (alteration and internal quotation marks omitted).

The district court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). "[I]t is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," but an appellate court "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Ross*, 912 F.3d at 745 (internal quotation marks omitted).

Here, we conclude that the district court provided an adequate individualized assessment based on the facts presented and sufficiently explained its sentence to allow for

3

meaningful review. To the extent the district court erred by not more directly addressing Cooper's arguments for a lesser sentence, any such error was harmless. *See United States v. Boulware*, 604 F.3d 832, 840 (4th Cir. 2010).

Cooper also argues that his sentence is substantively unreasonable. However, a review of the record reveals that the district court properly tailored Cooper's sentence "in light of traditional § 3553(a) sentencing factors such as deterrence and punishment," and there is thus "no reason to question the district court's decision to deviate from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 329 (4th Cir. 2017). Upon consideration of the totality of the circumstances, we conclude that the extent of the upward variance did not render Cooper's sentence substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*