**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4591

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD ARON WASHINGTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00016-D-1)

Submitted:  November 27, 2019                     Decided:  January 8, 2020

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Bradford M. DeVoe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Aron Washington, Jr., pled guilty to aiding and abetting distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), 18 U.S.C. § 2 (2012). The district court imposed an upward departure and sentenced Washington to 150 months' imprisonment. Washington argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) sentencing factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. at 51.

Washington contends that his sentence is procedurally unreasonable because the district court did not have a sufficient justification for the departure and failed to depart incrementally when it increased his offense level from 21 to 27 pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(4)(B) (2016). When upwardly departing from Criminal

2

History Category VI, the district court should "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B). A district court is not required to "explain its rejection of each and every intervening level . . . or go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." *United States v. Dalton*, 477 F.3d, 195, 199 (4th Cir. 2007) (alterations, citations, and internal quotation marks omitted). However, a district court's "fairly general statement that it considered lesser offense levels and found them to be inadequate falls short of the incremental analysis required by section 4A1.3." *Id*. at 200 (internal quotation marks omitted).

Although the district court correctly noted it did not have to discuss every intervening level, it did not offer any reasons why offense level 27 was more appropriate for Washington than any other level. Moreover, the district court sentenced Washington to 54 months above his original Guidelines range, a substantial departure. *Gall*, 552 U.S. at 50 ("We find it uncontroversial that a major departure should be supported by a more significant justification that a minor one.").

However, "it is unnecessary to vacate a sentence based on an asserted [G]uidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).

> A Guidelines error is considered harmless if [this Court] determine[s] that (1) the district court would have reached the same result even if it had decided

3

the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.

*United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

Here, the district court stated that if its upward departure were in error, it would impose the same 150-month sentence as a variance by applying the 18 U.S.C. § 3553(a) (2018) factors. This satisfies the assumed error harmlessness inquiry's first prong. Further, for the reasons discussed below, we find that the sentence was reasonable.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis in original). The court also "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, ___ S. Ct. ___, 2019 WL 4922236 (2019) (No. 18-9654). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that this court can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018). "[T]he district court need not robotically tick through § 3553(a)'s every subsection," but "a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *Carter*, 564 F.3d at 329 (internal quotation marks omitted). Additionally, "[t]he context surrounding a district court's explanation may imbue

4

it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

"Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Hargrove*, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted). Sentencing courts "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). The Supreme Court has mandated that a reviewing court must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Here, the district court was actively engaged in the sentencing hearing, heard argument from counsel, explicitly discussed several of the § 3553(a) factors and applied them to the facts of Washington's case, and did not analyze any impermissible factors. It specifically addressed Washington's sentencing arguments, rebuffing his request to apply the Guidelines range for powder cocaine, granting his request for a nine-month reduction based on USSG §§ 5G1.3(b), 5K2.23, and explained why Washington's requested sentence was insufficient. In imposing the sentence, the court discussed in detail Washington's history, the seriousness of his offense, and the need for just punishment and deterrence. It recommended that Washington obtain his GED and participate in a narcotic treatment

5

program.  Despite Washington's arguments to the contrary, the district court provided an adequate individualized assessment.  Accordingly, we conclude that Washington's sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*