**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4816**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BANITA BRANDISE SAFFORE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cr-00010-REP-2; 3:19-cr-00003-REP-1)

Submitted:  March 31, 2020                          Decided:  April 17, 2020

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Charles A. Gavin, CAWTHORN, DESKEVICH & GAVIN, PC, Richmond, Virginia, for Appellant.  Michael Calvin Moore, Assistant United States Attorney, Richmond, Virginia, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Banita Brandise Saffore pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2018), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2018). Saffore failed to appear for her sentencing hearing. She was subsequently arrested and charged with failure to appear, in violation of 18 U.S.C. § 3146(a) (2018). She pled guilty, without a plea agreement, to the single charge of failure to appear. The two cases were consolidated for sentencing. The district court sentenced Saffore to consecutive terms of 57 months on the conspiracy count, 24 months on the aggravated identity theft count, and 6 months on the failure to appear count, for an aggregate sentence of 87 months' imprisonment.

Saffore appeals, challenging the procedural and substantive reasonableness of her sentence. The Government has moved to dismiss the appeal as barred by Saffore's waiver of the right to appeal included in the plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

As the Government acknowledges, Saffore did not waive her right to appeal her sentence on the failure to appear count. However, the Government argues that Saffore's appeal only challenges her conspiracy and aggravated identity theft sentences, which are covered by her appeal waiver. Counsel for Saffore does not dispute the Government's assertions.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Saffore knowingly and voluntarily waived her right to appeal her conspiracy and aggravated identity theft sentences. To the extent that her appeal

2

challenges those sentences, we conclude that the issues fall squarely within the scope of her waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss her appeal of her conspiracy and aggravated identity theft sentences.

Saffore did not waive her right to appeal her failure to appear sentence, however, and we conclude that her appeal challenges that sentence. Accordingly, we deny the Government's motion to dismiss with respect to Saffore's challenge to her failure to appear sentence. We therefore consider Saffore's appeal to the extent that it concerns her failure to appear sentence.

The district court grouped the conspiracy count and the failure to appear counts for purposes of calculating Saffore's advisory Sentencing Guidelines range on these counts. The presentence report (PSR) established an advisory Guidelines range on the grouped counts of 57 to 71 months' imprisonment, plus a mandatory consecutive 24-month sentence on the aggravated identity theft conviction. There were no objections, and the district court adopted the Guidelines calculations in the PSR.

Saffore argued for an 81-month sentence: a combined total of 57 months on the conspiracy and failure to appear counts, to be followed by the consecutive mandatory 24-month term on the aggravated identity theft count. She pointed out that her failure to appear for her original sentencing hearing resulted in a five-level increase in offense level,[1] raising

---

[1] Specifically, because she did not appear for her original sentencing hearing, the Guidelines calculations for her grouped offenses included a two-level increase for obstruction of justice and eliminated the three-level downward adjustment for acceptance of responsibility that she had received in her originally calculated Guidelines range on the conspiracy count.

3

her originally calculated 33-to-41-month Guidelines range for the conspiracy count to a 57-to-71-month Guidelines range on the grouped counts. Saffore argued that the 57-to-71-month Guidelines range was greater than necessary to achieve the goals of sentencing. She therefore sought a 57-month sentence, the bottom of the new Guidelines range, for the conspiracy conviction and no sentence for the failure to appear conviction.[2] Alternatively, she argued, if the court imposed a sentence for failure to appear, she should receive a downward variance from the Guidelines range on the conspiracy conviction so that her total sentence would be no more than 81 months (including the aggravated identity theft sentence). The district court rejected Saffore's arguments, concluding that a sentence on the failure to appear charge was warranted and that there was no basis for a downward variance on the conspiracy charge.

Saffore claims that her sentence is procedurally unreasonable because the district court failed to adequately explain its decision to sentence her to a within-Guidelines sentence on the conspiracy count *and* a separate sentence on the failure to appear count. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented" and explain the basis for its sentence sufficiently to "allow[] for meaningful appellate review" and "promote[] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The court also "must address or consider all non-frivolous reasons presented for imposing a

---

[2] A term of imprisonment is not mandatory under § 3146, but, if the court imposes one, it must be consecutive to the terms imposed for any other offenses. 18 U.S.C. § 3146(b)(2) (2018).

4

different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that [we] can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018).

The district court gave a detailed explanation, tied to the 18 U.S.C. § 3553(a) (2018) factors, for why a downward variance was not justified. As for the six-month prison term for failure to appear, the district court explained that a separate sentence was necessary in light of Saffore's numerous prior failures to appear for court proceedings. We conclude that the district court adequately explained the sentence it imposed. Additionally, we confirm that Saffore's sentence is otherwise procedurally reasonable.[3] *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (explaining this court reviews substantive reasonableness "if, and only if, [it] find[s] the sentence procedurally reasonable" (brackets and internal quotation marks omitted)).

Saffore also claims that her sentence is substantively unreasonable because imposing a six-month sentence for failure to appear in addition to a within-Guidelines sentence on the conspiracy charge and the 24-month statutory mandatory minimum

---

[3] Saffore's waiver of her right to appeal the conspiracy sentence does not bar our review of the district court's Guidelines calculations on the grouped counts because consideration of those calculations is necessary for assessing the procedural reasonableness of Saffore's failure to appear sentence. *United States v. Hallahan*, 756 F.3d 962, 968-69, 976 (7th Cir. 2014) (en banc).

5

sentence on the aggravated identity theft conviction resulted in a greater than necessary total sentence because her failure to appear is accounted for in the Guidelines calculations for the conspiracy count. Saffore does not argue that the 6-month sentence itself is greater than necessary, simply that, in combination with other terms, the aggregate sentence is greater than necessary. However, Saffore waived her right to appeal the other two sentences. Furthermore, the Guidelines specifically provide for failure to appear conduct to enhance the Guidelines range on grouped offenses while, at the same time, imposing a separate sentence for the failure to appear offense. *See* U.S. Sentencing Guidelines Manual § 2J1.6 cmt. n.3 (2016). Taken together, her 6-month sentence for failure to appear and 57-month conspiracy sentence equal a term of 63 months, well within the 57-to-71-month Guidelines range applicable to these grouped offenses, and the court explained why a within-Guidelines sentence on the conspiracy count and a separate sentence on the failure to appear count were necessary. We conclude that Saffore's sentence is substantively reasonable.

Accordingly, we dismiss the appeal of Saffore's conspiracy and aggravated identity theft sentences and affirm Saffore's failure to appear sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART AND AFFIRMED IN PART*