**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4242**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL JAVAN ROSS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge.  (1:16-cr-00020-JFM)

Argued:  November 1, 2018                          Decided:  January 14, 2019

Before GREGORY, Chief Judge, NIEMEYER, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Niemeyer and Judge Harris joined.

**ARGUED:**  Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Paul Riley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

GREGORY, Chief Judge:

Defendant-Appellant Carl Javan Ross appeals his sentence, which the district court imposed after Ross was convicted of two counts in violation of 18 U.S.C. § 2252(a)(2), and one count in violation of 18 U.S.C. § 2252(a)(4)(b). Ross contends the district court did not explain why it imposed his term of confinement and did not address his non-frivolous arguments in favor of a lower sentence. These omissions render his sentence procedurally unreasonable, according to Ross. In addition, Ross argues the district court committed procedural error with its imposition of special conditions of supervised release. We agree, and for the reasons that follow, we vacate Ross's sentence and remand for resentencing.

## I.

On December 7, 2016, a jury convicted Ross of two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(b). The United States Probation Office filed a Presentence Investigation Report ("PSR") that included a recommended term of confinement and recommended special conditions of supervised released. The PSR calculated Ross's final offense level as 35 and included various enhancements reflecting the repugnant nature of the materials in his possession. J.A. 92-93. The PSR calculated Ross's Criminal History Category as II given that he had a prior state court

conviction for a sexual offense involving a minor.[1]  J.A. 94.  The Government and Ross both submitted sentencing memoranda.

The district court held a sentencing hearing and adopted the PSR's advisory Guidelines range:  188 months to 235 months in prison.  The district court ordered a term of confinement of 120 months as to each count, to run concurrently with each other but consecutive to his state court sentence.  J.A. 63.  The district court placed Ross on supervised release for the rest of his life "subject to the special conditions set forth in the recommended conditions of supervision."  *Id.*  Ross timely appealed.  We have jurisdiction under 28 U.S.C. § 1291.

## II.

At the sentencing hearing, the Government asked the district court to impose a term of confinement of 120 months to be served consecutive to his 120-months state court term of confinement instead of Ross's requested 60-month mandatory minimum sentence which he wanted to run concurrently to his state court sentence.  The Government argued Ross's request resulted in "essentially no sentence" and "absolutely zero impact, zero additional punishment as a result of the conduct in this case."  J.A. 17.  According to the Government, the gravity of Ross's conduct justified a longer and non-concurrent sentence and his state court conviction constituted evidence of Ross's threat to the public.  The Government highlighted that Ross deleted much of the illegal material he

---

[1] While awaiting trial in his federal case, Ross received a state court term of confinement of 240 months, with 120 months suspended.  J.A. 93.

3

possessed in order to avoid detection, still denied participating in the conduct that gave rise to his state court conviction and generally lacked remorse for his actions.

Counsel for Ross replied that the Government's sentencing position essentially amounted to an above-Guidelines sentence because it would result in two separate 120-month terms of confinement that run consecutively. Counsel argued the district court should consider his state court term of confinement when calculating his sentence. In addition, Ross's counsel argued that felony convictions relating to sexual offenses are already very punitive and that the lifelong social stigma Ross faces justified his request for a 60-month concurrent sentence. Ross's counsel defended his requested sentence given the stringent demands of supervised release he will face and the likelihood of his recidivism if he violates his terms.

Additionally, Ross's counsel further explained while Ross did not appear remorseful, his demeanor reflected his mental health challenges and not a lack of remorse. Counsel presented Ross's psychological forensic report, which explained Ross's diagnosis of schizoid personality disorder, adjustment disorder, and an unspecified neurodevelopmental disorder. These conditions should have been considered in mitigation, according to Ross's counsel. For instance, counsel asserted Ross's mental disorder caused Ross to insist on going to trial in his state court case against the advice of his lawyer. Ross's counsel further indicated that Ross's mental health issues similarly caused him to elect to go to trial instead of pleading guilty in his federal case as well, leading to increased exposure to criminal penalties. Ross's counsel argued that Ross maintained gainful employment, cared for his aging mother and had only a relatively

4

small amount of illicit material compared to the average child pornography offender. According to Ross's counsel, the district court should have considered all of these factors when calculating Ross's term of confinement.

Upon hearing arguments from both the Government and Ross, the district court imposed a sentence of 120 months to be served consecutive to his state court term of confinement. The district court explained that it found Ross's arguments unpersuasive and stated that "the Government's recommendation is appropriate and that's my sentence and the reason for it." J.A. 63. After the district court pronounced Ross's sentence, the Government requested the court to explain its basis for the sentence under the 18 U.S.C. § 3553(a) factors. J.A. 63-64. The district court provided the following explanation:

> Well, I mean, it's obviously [sic] the offense is a serious one. In terms of specific deterrence, I am concerned about the lack of remorse while even if there was remorse, there is a body of statistical evidence that—well, I'm not going to say that, but that I believe it's a specific deterrence, requires the sentence I'm imposing. I did not find that the guidelines are so flawed as to essentially have no sentence at all. And in terms of general deterrence, I think that the sentence I'm imposing is required.

J.A. 64. In addition, the district court imposed a lifetime of supervised release. The special conditions of his supervised release prohibit Ross from using "computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval" of the probation officer, and from owning, using, possessing, viewing, or reading any pornographic materials, as defined in 18 U.S.C. § 2256(2). J.A. 79.

5

## III.

Under the standard set forth in *Gall v. United States*, a sentence is reviewed for both procedural and substantive reasonableness. 552 U.S. 38, 51 (2007). In the instant case, procedural reasonableness is at issue. In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. We do not require the district court to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (internal citation and quotation marks omitted). Nevertheless, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). We will first turn to the procedural unreasonableness of Ross's term of confinement and then to similar deficiencies pertaining to Ross's special conditions of supervised release.

## IV.

Ross challenged his term of confinement at his sentencing hearing and therefore this Court reviews the reasonableness of the term under "a deferential abuse-of-discretion standard." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). Under the law of this circuit a district court must address or consider all non-frivolous reasons presented for

imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted). Here, the district court did not follow circuit precedent during Ross's sentencing proceedings when determining his term of confinement. Indeed, the district court did not address or consider any of the numerous non-frivolous arguments advanced by Ross's counsel requesting a lower and concurrent sentence. This Court has previously held that "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, consciousness or detail, when to write, what to say, depends upon the circumstances." *Blue*, 877 F.3d at 518 (internal quotation marks and citations omitted). Here, it is undisputable that the sentencing court provided an insufficient explanation of its sentence and did not provide an "individualized assessment" of important mitigation evidence. *Id.* An individualized assessment requires "that district courts consider the defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.*

As an initial matter, the district court did not provide an individualized assessment regarding important mitigation evidence related to Ross's mental health. The district court noted that Ross lacked remorse but did not address his counsel's arguments that his mental health issues, such as schizoid personality disorder, adjustment disorder, and an unspecified neurodevelopmental disorder, caused him to appear to lack remorse.

7

Moreover, the district court did not address counsel's arguments about how Ross's mental health issues caused him to pursue litigation strategies that were contrary to his own interest and consequently raised his sentencing exposure. Finally, the district court did not address Ross's history of gainful employment, his role as a caretaker for his aging mother, and the relatively small amount of illicit material found in his computer as mitigating factors when calculating his term of confinement.

The district court's post-sentencing commentary is non-responsive to Ross's arguments and violates the legal standards for procedural reasonableness. The Supreme Court makes clear that the district court must sufficiently address the parties' arguments and provide an explanation for its sentence for this Court to engage in "meaningful appellate review." *Gall*, 552 U.S. at 50. Although we have held that it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), an appellate court nonetheless "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009). The comments made by the district court require this Court to impermissibly speculate as to the reason for the district court's sentencing decision.

Contrary to the Government's position, it is not harmless error that the district court did not explain its justification for Ross's term of confinement. "For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." *Lynn*, 592 F.3d at 585

8

(internal citation and quotation marks omitted). This Court cannot look at the district court's comments and determine that the explicit consideration of Ross's various mitigating arguments would not have affected the ultimate term of confinement imposed. For instance, the district court mentioned that Ross lacked remorse when discussing its rationale for Ross's term of confinement. But the record contains significant evidence of Ross's mental health challenges as they affect his ability to show remorse. Given this record evidence, Ross's demeanor arguably reflects mental health disorders and not a callousness or denial of responsibility. The district court could have conceivably given Ross a different sentence if it had considered his non-frivolous mitigation arguments. The district court had an obligation to specifically address Ross's non-frivolous arguments. It did not do so here. As noted at oral argument, even the Government noticed that the district court did not provide a sufficient explanation and asked for clarification. Nonetheless, the district court cannot meet its responsibility through broadly referring to the § 3553(a) factors in lieu of addressing the parties' non-frivolous arguments.

## V.

The requirement that the district court adequately explain Ross's term of confinement similarly applies to the special conditions of his supervised release. *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). Ross did not challenge the special conditions of supervised release before the district court and concedes that this Court

9

should apply a plain-error standard of review.[2] *United States v. Wesley*, 81 F.3d 482, 484 (4th Cir. 1996) (explaining that we reverse on plain error if the district court erred, the error was plain, and the error affected the defendant's substantial rights). Plain errors exist "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014).

In imposing the conditions of supervised release, the district court at the sentencing hearing said, "I will place you on supervised release for life subject to the general conditions and special conditions set forth in the recommended conditions of supervision." J.A. 63. The district court did not explain why Ross was given any of the special conditions for life. This lack of explanation contravenes the law of this circuit and constitutes plain error. *Armel*, 585 F.3d at 186. This error is not harmless. It is the settled law of this circuit that Ross has a right to know why he faces special conditions that will forever modify the course of his life, and the district court's silence violated his rights. *Id.* This Court cannot look at the district court's comments and ascertain its rationale for imposing very restrictive special conditions for the duration of Ross's life.

---

[2] The parties briefed the special conditions of supervised release argument only under the plain-error standard. Recent circuit precedent suggests, however, that the abuse of discretion standard should now apply because Ross challenged the term of confinement and thus preserved his challenge to the special conditions imposed as part of his supervised release. *United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) (adopting a unitary approach to sentencing under which the term of confinement and term of supervised release constitute the same sentence for purposes of appellate review). Ross is entitled to relief under either standard.

It is procedurally unreasonable to impose special conditions for the remainder of Ross's life without providing an explanation or rationale for their justification.[3]

## VI.

In conclusion, given that the district court failed to address Ross's non-frivolous mitigation arguments and to properly explain its rationale for his term of confinement and his special conditions, we vacate his sentence and remand so that the district court may provide a sufficient explanation for the significant deprivation of liberty Ross faces as a result of his criminal conduct. This Court makes no assessment regarding the fairness or propriety of Ross's term of confinement or special conditions of supervised release.

*VACATED AND REMANDED*

---

[3] Given that this Court is vacating Ross's sentence regarding both the term of confinement and special conditions of supervised release, this Court need not address Ross's remaining arguments regarding the propriety of his special conditions.