**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 18-4927**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JERRELL ANTWAN JENKINS,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:17-cr-00041-FL-1)

───────────

Submitted:  June 20, 2019                   Decided:  July 30, 2019

───────────

Before DIAZ, FLOYD, and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrell Antwan Jenkins appeals his 204-month prison sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine and heroin; using and carrying a firearm during and in relation to a drug trafficking crime; and possessing a firearm after his conviction for a felony. On appeal, he questions whether the district court erred in granting the Government's request for an upward variance; and he argues that his sentence is procedurally and substantively unreasonable. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We first ensure that the district court committed no significant procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50.

2

"We review a variant sentence to determine the reasonableness of imposing such sentence and the extent of the variance from the Guidelines range." *Bolton*, 858 F.3d at 915 (citation omitted). "We will vacate such sentence if its stated reasoning is inadequate or if it relies on improper factors" but "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *Id.* (citations omitted). "'[A] district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553.'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (citation omitted). The court's explanation must also be sufficient for us "to engage in 'meaningful appellate review.'" *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 50).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Jenkins, and its upward variance was procedurally and substantively reasonable. The probation officer determined that Jenkins was a career offender based on his prior North Carolina convictions for voluntary manslaughter and assault with a deadly weapon inflicting serious injury; and his advisory Guidelines range was 262 to 327 months. Jenkins objected that his assault conviction was not a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2(a) (2018). The Government agreed with the probation officer. Alternatively, the Government asked for an upward variance based on § 3553(a) factors, arguing Jenkins was a "de facto career offender."

The district court sustained Jenkins' objection and calculated that his advisory Guidelines range was 144 to 165 months. Jenkins asked for a sentence within the range.

The court determined that an upward variance was appropriate in this case, but it did not grant the full variance requested by the Government. The court explained that the instant offenses were very serious, and Jenkins' history and background caused it to conclude that he did not operate with any moral compass. The court further explained that it granted an upward variance to protect the community, discourage this type of conduct, and promote respect for the law. However, the court explained it did not vary as high as the Government requested because it agreed with aspects of Jenkins' presentation.

Having reviewed the record and the parties' briefs, we conclude that the district court's explanation of its sentence was sufficiently individualized and adequate for us to engage in meaningful appellate review. We also conclude that the court did not rely on any improper factors, and both the imposition and extent of its variance were reasonable. Although the court sustained Jenkins' objection to classifying his assault conviction as a crime of violence, it was entitled to consider the conviction and other pertinent § 3553(a) factors in imposing a variant sentence. *See United States v. Mills*, 917 F.3d 324, 331-32 (4th Cir. 2019). We therefore defer to the court's decision imposing the variance.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4