**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4147**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER WADE REBISH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:17-cr-00065-GMG-RWT-1)

Submitted:  July 30, 2019                                      Decided:  September 5, 2019

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron D. Moss, Assistant Federal Public Defender, Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Wade Rebish appeals the 96-month sentence, concurrent to any prior state sentences, imposed following his guilty plea to illegal possession of a machine gun, in violation of 18 U.S.C. § 922(o) (2012). On appeal, Rebish argues that the district court committed procedural sentencing error by failing to adequately address and explain its reasons for rejecting several of his nonfrivolous arguments in mitigation. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We first examine the sentence for "significant procedural error," such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the chosen sentence. *Gall*, 552 U.S. at 51.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented" and explain the basis for its sentence sufficiently to "allow[] for meaningful appellate review" and to "promote[] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019), *petition for cert. filed*, __ U.S.L.W. __ (U.S. May 27, 2019) (No. 18-9654). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v.*

*Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that [we] can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018).

In evaluating a sentence, we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). Nor can we "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious." *Blue*, 877 F.3d at 521 (internal quotation marks omitted). In certain circumstances, however, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Our review of the record reveals that the district court conducted an individualized assessment of Rebish's case and adequately demonstrated its consideration of his nonfrivolous arguments in mitigation. In its detailed explanation of the sentence, the court addressed the 18 U.S.C. § 3553(a) factors, describing a variety of considerations relevant to Rebish's sentencing. In so doing, it discussed various facts emphasized by Rebish in his sentencing arguments, including his struggles with substance abuse, difficult upbringing, mental health history, and undischarged prior state sentences, but expressed its conclusion

3

that such considerations were outweighed by his disrespect for authority and the law and his propensity for violence, which rendered him a danger to society. The court also recommended that Rebish be placed in a prison facility best equipped to handle his mental health and substance abuse history and that he receive treatment for those concerns, further reflecting its consideration of Rebish's arguments on those grounds. *See Blue*, 877 F.3d at 521. The court's discussion of its sentencing calculus does not require us to "guess at the district court's rationale," but instead readily illuminates the basis for its sentencing decision and enables meaningful appellate review. *Ross*, 912 F.3d at 745 (internal quotation marks omitted); *see Harris*, 890 F.3d at 485. And, particularly when viewed in context, the court's statements reflect that it considered Rebish's mitigation arguments, including arguments regarding his rehabilitative potential and request for a concurrent sentence, but had a reasoned basis for rejecting those arguments in favor of a lengthier, consecutive sentence. *See Montes-Pineda*, 445 F.3d at 381.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4