**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4000**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO HENDRICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00143-RJC-DCK-1)

Submitted: October 31, 2019                    Decided: February 25, 2020

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jose Antonio Hendricks of three counts of transporting and shipping child pornography, in violation of 18 U.S.C. §§ 2, 2252A(a)(1) (2012), two counts of possessing child pornography involving a prepubescent minor under the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and one count of receiving child pornography, in violation of 18 U.S.C.A. § 2252A(a)(2) (West 2015 & Supp. 2019). The district court sentenced Hendricks to 198 months' imprisonment, followed by a 20-year term of supervised release. The court also imposed conditions of supervised release severely restricting Hendricks' use of computers and other devices capable of accessing the internet ("Condition 9") and prohibiting Hendricks from maintaining social media accounts without a probation officer's approval ("Condition 13").

On appeal, Hendricks challenges Conditions 9 and 13, arguing that they infringe on his First Amendment rights and that the district court procedurally erred in imposing the conditions without any explanation. The Government argues that the court sufficiently analyzed the 18 U.S.C. § 3553 (2012) sentencing factors in imposing Hendricks' term of imprisonment and that this explanation suffices to explain the court's rationale for imposing the special conditions of supervised release. Because we agree with Hendricks that the court failed to adequately explain the challenged supervised release conditions, we vacate the portion of the sentence imposing Conditions 9 and 13 and remand for further proceedings. We make no "assessment regarding the fairness or propriety of . . . [the challenged conditions]." *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019), *cert. denied*, No. 18-9654, 2019 WL 4922236 (U.S. Oct. 7, 2019).

2

Because Hendricks "did not challenge the special conditions of supervised release before the district court," our review is for plain error. *Id.* "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). An error is plain "if[, at the time of appellate consideration,] the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted).

"District courts have broad latitude to impose conditions on supervised release," but we "will carefully scrutinize unusual and severe conditions." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). "The [district] court may impose any special condition that is reasonably related to the [relevant § 3553(a)] statutory sentencing factors," including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide for adequate deterrence, the need to protect the public, and the need to provide the defendant with training, medical care, or treatment. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2019).

The district court "must also ensure that the condition involves no greater deprivation of liberty than is reasonably necessary . . . and that it is consistent . . . with Sentencing Commission [policy statements]." *Douglas*, 850 F.3d at 663 (internal quotation marks omitted); *see United States v. Dotson*, 324 F.3d 256, 260-61 (4th Cir. 2003). "The

3

requirement that the district court adequately explain [a defendant's] term of confinement similarly applies to the special conditions of his supervised release." *Ross*, 912 F.3d at 745-46. As we held after the district court imposed Hendricks' sentence, "the decision to impose special conditions of supervised release requires an individualized assessment and a satisfactory explanation of the [district] court's reasoning; the mere fact that the condition is described in local court rules as a 'standard' condition is insufficient." *United States v. Wroblewski*, ___ F. App'x ___, ___, No. 18-4370, 2019 WL 3072625, at *3 (4th Cir. July 12, 2019) (argued but unpublished). "In reviewing [the district court's] assessment, an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain [the] sentence." *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009).

In imposing the conditions of supervised release, the district court simply announced that Hendricks "shall comply with the standard conditions of supervised release[] and the standard sex offender conditions of supervised release that have been adopted by th[is district court]." (J.A. 423).[*] We conclude that this cursory announcement did not adequately "explain why such . . . broad restriction[s were] necessary in this case to serve the statutory sentencing factors, nor did it consider whether a lesser restriction would have been sufficient." *Wroblewski*, 2019 WL 3072625, at *3. Accordingly, we vacate the portion of the sentence imposing Conditions 9 and 13 and remand for resentencing "so that the district court may provide a sufficient explanation for the

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

significant deprivation of liberty [Hendricks] faces." *Ross*, 912 F.3d at 746.  We affirm the remainder of the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*