**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4211**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLEN RANGER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00340-RDB-1)

Submitted: July 21, 2020                    Decided: September 16, 2020

Before MOTZ, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Robert Hur, United States Attorney, Jason D. Medinger, Assistant United States Attorney, Barbara S. Sale, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glen Ranger pled guilty, pursuant to a plea agreement, to two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a). The district court varied downward from Ranger's Sentencing Guidelines range and sentenced Ranger to a total of 480 months' incarceration. On appeal, Ranger argues that his sentence is procedurally unreasonable because the district court failed to consider his argument that the child pornography Guidelines should not be entitled to deference. Ranger also argues that his sentence is substantively unreasonable because, in fashioning Ranger's sentence, the district court considered the possibility that Ranger would earn good-conduct time credits while incarcerated. We affirm.

We review a criminal sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S 38, 41 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id*. at 49-51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

For a sentence to be procedurally reasonable, the "district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain

2

why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). "[T]he district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Ross*, 912 F.3d at 744 (internal quotation marks omitted). And while "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Id.* at 745 (internal quotation marks omitted). However, in certain circumstances, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). Such contextual indicators may exist when "the sentence imposed is explicitly tailored to address a defendant's individual characteristics." *Blue*, 877 F.3d at 521.

The district court did not explicitly reject Ranger's argument that the child pornography Guidelines should not be entitled to deference. However, the court mentioned multiple times that that it did not presume that the Guidelines were reasonable. It also stated: "The sentencing guideline calculation reflects the gravity of your crime, and the

3

sentencing guideline calculation indeed recommends life—life imprisonment."[*] Further, the court imposed a sentence that was explicitly tailored to address Ranger's individual characteristics by repeatedly noting Ranger's defiant attitude and crafting a sentence that provided Ranger an opportunity for release near his 90th birthday. Under these circumstances, we conclude that the district court adequately addressed Ranger's non-frivolous arguments for a below-Guidelines sentence.

Next, Ranger argues that his sentence is substantively unreasonable because the district court considered the possibility that he would earn good-conduct time credits while incarcerated. Ranger maintains that by considering those potential credits in fashioning his sentence, the district court relied on an improper factor outside of § 3553(a) and rejected policies articulated by Congress. We recently addressed this argument and held that recognizing the chance that a defendant could earn good-conduct time credits when calculating the length of the defendant's sentence does not render the sentence substantively unreasonable. *United States v. Fowler*, 948 F.3d 663, 669-72 (4th Cir. 2020) (noting district court's consideration of good-time credits fell under § 3553(a) factors). Ranger's challenge to the substantive reasonableness of his sentence is therefore without merit.

---

[*] Ranger's total offense level and criminal history category directed an advisory Sentencing Guidelines range of life imprisonment. However, the statutory maximum sentence for each count was 360 months, making Ranger's applicable Guidelines range 720 months imprisonment. 18 U.S.C. § 2251(a), (e); USSG § 5G1.2(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*