**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 24-4072

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY ALAN KIRK,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:22-cr-00133-MOC-DCK-1)

---

Submitted:  July 25, 2024                          Decided:  July 30, 2024

---

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Edward Eldred, Amos G. Tyndall, PARRY LAW, PLLC, Chapel Hill, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Alan Kirk pled guilty to fentanyl trafficking conspiracy, possession with intent to distribute fentanyl, and three counts of distribution of fentanyl, in violation of 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846. The district court sentenced Kirk to 235 months' imprisonment, which was below the advisory Sentencing Guidelines range. On appeal, Kirk argues that his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous argument for a lower sentence—that his career-offender predicate marijuana convictions were old and did not properly represent his criminal history. Finding no error, we affirm.

We review the procedural reasonableness of Kirk's sentence "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

A district court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks

2

omitted).  At bottom, the district court's "explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority."  *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up).

We have reviewed the record and conclude that the district court adequately considered the parties' nonfrivolous sentencing arguments and explained its rationale for imposing Kirk's 235-month sentence based on Kirk's history, characteristics, and the dangerous nature of the conduct underlying the offense.  The court rejected Kirk's "central thesis"—that he deserved a lower sentence because his prior marijuana convictions overstated the seriousness of his criminal history—finding that this argument was outweighed by the seriousness of the offense and the needs to promote respect for the law, protect the public, and afford adequate deterrence.  Indeed, as here, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf."  *Nance*, 957 F.3d at 214.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3