**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 24-4183**

————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MONTIE KRISHUN BREWER,

        Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00227-TDS-1)

————————

Submitted:  December 11, 2024               Decided:  January 13, 2025

————————

Before AGEE and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Craig M. Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montie Krishun Brewer pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court sentenced Brewer to 57 months' imprisonment, at the low end of his 57- to 71-month advisory Sentencing Guidelines range. On appeal, Brewer challenges his sentence as both procedurally and substantively unreasonable. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). In doing so, we first consider whether the sentencing court committed "significant procedural error," including improperly calculating the advisory Guidelines range, failing to sufficiently consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence imposed. *Id.* at 51; *see United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). Additionally, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).

If we find the sentence procedurally reasonable, we then consider its substantive reasonableness under the totality of the circumstances. *Nance*, 957 F.3d at 212. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a sentence within a properly calculated advisory Guidelines range is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence

2

is unreasonable when measured against the § 3553(a) factors." *United States v. Montes–Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Brewer first contends that his sentence is procedurally unreasonable because the district court failed to adequately consider his nonfrivolous argument for a downward-variant sentence—that his unlawful possession of a firearm was motivated by his fear of being shot a second time after previously being a victim of gun violence—and failed to explain why it rejected that argument. Upon review, we find Brewer's within-Guidelines-range sentence to be procedurally reasonable. The district court considered the § 3553(a) factors and directly addressed and rejected Brewer's argument that he possessed the gun due to his extreme fear of being shot. The court found that, even accepting as true all the facts surrounding Brewer's prior shooting, he had been warned that he was not legally permitted to possess a firearm and did so anyway. The court also expressed doubt as to the credibility of Brewer's mitigation argument, finding that, under the circumstances, he did not appear to have possessed the firearm merely for protection from gun violence, but to continue engaging in a criminal lifestyle. The court also emphasized Brewer's criminal history involving drugs and firearms offenses. We conclude that the district court sufficiently considered Brewer's argument and provided an adequate explanation for rejecting it.

Brewer also challenges the substantive reasonableness of his sentence, arguing that the district court erred by relying on an improper sentencing factor—that Brewer's prior conviction for voluntary manslaughter may have been gang related—without evidentiary support for its conclusion. Since Brewer did not raise this issue in the district court, we

3

review it only for plain error. *See United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020); *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010) (holding that plain error is proper standard of review for claim, raised for first time on appeal, that district court committed substantive error by considering improper sentencing factor). To demonstrate plain error, Brewer must show "(1) that the trial court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights." *Fowler*, 948 F.3d at 669 (internal quotation marks omitted). If he does so, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

We have reviewed the record and do not discern error, plain or otherwise. Brewer's presentence report contained information regarding his gang affiliation with the "Bloods," which the court appropriately considered; the presentence report also described various photographs of Brewer with known members of the "Bloods" gang, one of whom was Brewer's codefendant in the voluntary manslaughter case. Moreover, the court made the contested statement as part of its discussion of Brewer's gang affiliation generally and the negative impact it had on his life; the court then stated that the voluntary manslaughter offense also may have been gang related, but immediately acknowledged that it did not know whether that was the case. Finally, in explaining Brewer's sentence, the court relied on numerous factors unrelated to the manslaughter case, including the circumstances of the instant offense, in which Brewer resisted officers prior to his arrest; his criminal history, which included arrests, convictions, and probation violations for drug and firearms

4

offenses; his continued and apparent disregard for the law; and the need to deter his future criminal conduct and protect the public.

We therefore conclude that Brewer's sentence is both procedurally and substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*