**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4338**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN DEQUAN LEDBETTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00274-RJC-SCR-1)

_____

Submitted:  March 28, 2025                    Decided:  June 26, 2025

_____

Before WYNN, HARRIS, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Dequan Ledbetter pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Ledbetter above his advisory Sentencing Guidelines range to 96 months' imprisonment. On appeal, Ledbetter argues that his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous argument for a lower sentence based on his employment history and work ethic. Finding no reversible error, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Id.* (internal quotation marks omitted). Relevant here, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history

2

and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). A "[d]istrict court[] need not spell out [its] responses to [the] defendant['s] arguments where context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Id.* (cleaned up). Moreover, as long as the "district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up).

On appeal, Ledbetter contends that his sentence is procedurally unreasonable because, although the district court explained its reasons for imposing an upward variant sentence, the court failed to address his nonfrivolous arguments for a within-Guidelines sentence predicated on his employment history and work ethic. Specifically, Ledbetter asserts that, while his sentencing memorandum mainly focused on his mental health issues, a licensed psychologist's report and two character letters were included that referenced Ledbetter's work history and work ethic. Additionally, Ledbetter notes that his work history was mentioned briefly in the presentence report, as well as during his allocution. Ledbetter contends that these references to his work history and work ethic constituted an independent nonfrivolous mitigation argument that the court failed to address, resulting in a procedurally unreasonable sentence.

Our review of the record confirms that the district court thoroughly explained its reasons for imposing an upward variance. The court noted that it had considered all of the

3

memoranda and letters submitted, as well as defense counsel's arguments in opposition to an upward variance. When imposing the sentence, the court recognized Ledbetter's difficult childhood and that recent trauma and mental health and substance abuse issues likely played a role in his conduct. However, the court found that an upward variant sentence was warranted in light of Ledbetter's underrepresented criminal history, his violent conduct against the same victim, and his danger to the public. While the court did not explicitly address Ledbetter's work history or work ethic, it was not required to do so as Ledbetter did not clearly present work history as a standalone mitigation argument, and certainly not as his central thesis. *See Powers*, 40 F.4th at 137. As Ledbetter acknowledges in his opening brief, his primary argument at sentencing was regarding his recent mental health diagnoses and how proper treatment would make him unlikely to reoffend, which the court addressed. We therefore conclude that Ledbetter's sentence is procedurally reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4