**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4160**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK SIMPSON, a/k/a Red,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:20-cr-00778-DCN-1)

Submitted: October 1, 2025                    Decided: October 17, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Bryan P. Stirling, United States Attorney, John W. Sowards, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Simpson pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Simpson to 336 months' imprisonment. On appeal, Simpson contends that his sentence is procedurally unreasonable on three grounds. First, Simpson asserts that the district court violated his due process rights at sentencing by not allowing Simpson to challenge witnesses' statements regarding the drug weight attributed to him and the court's imposition of an enhancement his knowing use of a minor in the offense under U.S. Sentencing Guidelines Manual § 2D1.1(b)(16)(B)(i) (2018). Second, he argues that the district court erred in applying a two-level enhancement for possessing a dangerous weapon under USSG § 2D1.1(b)(1) because there was no evidence connecting him to the firearm. Lastly, Simpson argues that the district court failed to address his nonfrivolous argument for a downward variance based on sentencing disparities for defendants with similar total offense levels and criminal history scores.

The Government moved to dismiss the appeal based on the appeal waiver in Simpson's plea agreement. Simpson opposed the Government's motion, arguing that he did not knowingly and voluntarily waive his right to appeal and that there was no consideration to support the appeal waiver, rendering the waiver unenforceable. We ordered supplemental briefing to address whether consideration is required to support an appeal waiver, and if so, whether Simpson's appeal waiver was supported by adequate consideration. The Government filed a response conceding that Simpson's appeal waiver was not supported by consideration and requesting that we deny its motion to dismiss and

2

consider Simpson's appeal on the merits.   Finding no reversible error, we deny the Government's motion to dismiss and affirm.

We review the reasonableness of a defendant's sentence under 18 U.S.C. § 3553(a), applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We must "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence," *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

Simpson argues that the district court violated his due process rights because his guilty plea was conditioned upon the court's promise that Simpson would be able to challenge witnesses' testimony at sentencing, but the court deprived him of a meaningful opportunity to do so.  Specifically, Simpson argues that his base offense level and attributed drug weight were improperly calculated based on unverified information in the presentence report ("PSR"), in which Simpson's coconspirators reported that Simpson distributed methamphetamine and transported large amounts of drug money.  Simpson also argues that the district court denied him the opportunity to challenge the testimony regarding the enhancement for use of a minor.

The Fifth Amendment requires that no person be deprived of liberty without due process of law.  U.S. Const. amend. V.  "It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy."  *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal

3

quotation marks omitted).  "[T]he defendant bears an affirmative duty to show that the information in the [PSR] is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."  *Id.* (internal quotation marks omitted).  A "district court's determination that evidence is sufficiently reliable to be considered at sentencing is reviewed for an abuse of discretion."  *United States v. Pineda*, 770 F.3d 313, 318 (4th Cir. 2014).  "For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence."  *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011).

Here, Simpson fails to demonstrate that the district court abused its discretion when it found that the information in the PSR regarding the drug quantity was sufficiently reliable.  In its sentencing order, the court acknowledged that certain drug quantity was attributed to Simpson based on the statement of a coconspirator, but it found that that status alone did not render the coconspirator unreliable.  The court found that the coconspirator provided reliable information that was corroborated by law enforcement and that led to the seizure of drugs and drug proceeds.  *United States v. Powell*, 650 F.3d 388, 393-94 (4th Cir. 2011) (holding that at sentencing due process requires evidence have "sufficient indicia of reliability to support its probable accuracy").  Similarly, our review confirms that the district court did not abuse its discretion when it found reliable the testimony supporting the enhancement for use of a minor under USSG § 2D1.1(b)(16)(B)(i).  Further, Simpson had several opportunities to meaningfully object to the attributable drug weight and the enhancement for use of a minor in his objections to the PSR, in his sentencing memorandum, and at the sentencing hearing.  We conclude that the district court satisfied

4

due process requirements and did not abuse its discretion in finding that there existed sufficient indicia of reliability to support the challenged statements in the PSR and the testimony supporting the enhancement for use of a minor.

Next, Simpson argues that the district court improperly enhanced his Guidelines offense level for possessing a dangerous weapon during a drug trafficking conspiracy under USSG § 2D1.1(b)(1). The gravamen of Simpson's argument is that there was insufficient evidence connecting the firearm and the drugs to Simpson.

We review the district court's factual findings in relation to the firearm enhancement for clear error. *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011). "Under this standard of review, [we] will only reverse if left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). The Guidelines prescribe a two-level enhancement if the defendant possesses "a dangerous weapon (including a firearm)" during the drug trafficking offense. USSG § 2D1.1(b)(1). This enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A).

To apply the firearm enhancement, "[t]he government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *Mondragon*, 860 F.3d at 231. The government, however, "need not prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs or drugs in hand while in the act of retrieving a gun." *Id.* (citation modified). Instead, "the government need prove only that the weapon was present, which

5

it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (internal quotation marks omitted).

The district court properly found that there was sufficient evidence to support Simpson's knowledge and control of the firearm. First, the firearm was readily accessible to Simpson underneath the driver's seat as he drove to the drug transaction. *Manigan*, 592 F.3d at 629. Second, Simpson possessed the firearm "in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *Slade*, 631 F.3d at 189 (internal quotation marks omitted). Accordingly, we conclude that the imposition of the dangerous weapon enhancement was not clearly erroneous.

Lastly, Simpson argues that the district court imposed a procedurally unreasonable sentence by failing to address his argument regarding sentencing disparities and by failing to provide an individualized assessment when denying his motion for a downward variant sentence. For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). Important here, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments

6

for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).

The district court adequately explained its decision to impose the 336-month sentence and thoroughly addressed the 18 U.S.C. § 3353(a) factors. The district court considered the serious nature and circumstances of the offense, noting the large quantity of drugs involved in the conspiracy, Simpson's possession of a firearm, and Simpson's central role in the conspiracy—especially that Simpson was involved in both the procurement and distribution of the drugs. Considering Simpson's lengthy, and at times violent, criminal history, the court found that serving a nearly nine-year sentence for armed robbery had not deterred Simpson from criminal conduct—further demonstrating Simpson's propensity to engage in criminal activity and his disrespect for the law. The district court also expressed hope that Simpson would start using his intelligence for good, instead of using it to run a "multi-thousand or multi-million-dollar drug ring" to bring cocaine and methamphetamine from Mexico.

Although the district court did not address Simpson's sentencing disparity argument in depth at the sentencing hearing, it acknowledged his argument and rejected it because defense counsel did not explain the relevance of the Judiciary Sentencing Information statistics to Simpson's case. *See Lozano*, 962 F.3d at 782. In its sentencing order, the district court expressed that it was "difficult to make apples-to-apples sentencing comparisons under § 3553(a)(6)" but ultimately found no unwarranted sentencing disparities in Simpson's case. Further, the district court also explained that imposing a sentence below Simpson's Guidelines range would contravene § 3553(a)'s goals—namely,

7

the need for just punishment and to protect the public—and would minimize the seriousness of Simpson's offense.  We conclude that Simpson's sentence is procedurally reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*