**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4561**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES DANA JOHNSON, II,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:25-cr-00027-1)

---

Submitted:  April 28, 2026                                    Decided:  April 30, 2026

---

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Dana Johnson, II, appeals the 84-month sentence imposed following his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).   On appeal, Johnson argues his sentence is procedurally unreasonable because the district court did not meaningfully engage with his nonfrivolous mitigating argument for a lower sentence.  We affirm.

We review the reasonableness of a defendant's sentence under 18 U.S.C. § 3553(a) using a "deferential abuse-of-discretion standard." *United States v. Nixon*, 130 F.4th 420, 428 (4th Cir. 2025) (internal quotation marks omitted).  We first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Id.* (internal quotation marks omitted). In doing so, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).  A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]."

3

*United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). A "district court[] need not spell out [its] responses to [the] defendant['s] arguments where context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Id.* (citation modified). Upon review, we conclude that the district court adequately explained the within-Guidelines sentence and sufficiently addressed Johnson's nonfrivolous arguments for a lower sentence.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*