**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 23-4132

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN CARLOS SOTO, a/k/a Juan Carlos Soto Vallejos,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00109-RJC-DCK-1)

─────────────

Submitted:  September 5, 2023                    Decided:  September 13, 2023

─────────────

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Soto pled guilty, without a written plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). Soto, a native and citizen of Bolivia, was deported from the United States in 2019 following a North Carolina felony conviction. He reentered the United States in 2022 without authorization. At sentencing, the district court established an advisory Sentencing Guidelines range of 24 to 30 months' imprisonment, denied Soto's request for a downward variance, and sentenced him to 24 months' imprisonment, to run consecutively to an undischarged North Carolina sentence Soto was currently serving. On appeal, Soto argues that the court failed to adequately explain the sentence, rendering it procedurally unreasonable. Finding no reversible error, we affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). In explaining the sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [the court] has rejected those arguments" by providing "some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on [18 U.S.C.] § 3553." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019)

2

(internal quotation marks omitted). "The district court's sentencing explanation need not be exhaustive or robotically tick through the § 3553(a) factors," *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (internal citations and quotation marks omitted), "and [w]hen a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." *United States v. Fowler*, 58 F.4th 142, 153–54 (4th Cir. 2023) (internal quotation marks omitted).

In denying Soto's request for a downward variance, the district court explained that it had reviewed the information contained in Soto's presentence report and considered the advisory Sentencing Guidelines range, the parties' arguments, and Soto's allocution. The court recognized Soto's family members and friends and thanked them for their attendance, and specifically addressed Soto's arguments that he had only been deported from the country once, had health issues that were exacerbated by his treatment in the local jail, and had not been convicted of any other criminal activity after his illegal reentry into the United States. The court noted, however, that Soto was currently serving a state probation revocation sentence and that he had a serious criminal history that included discharging firearms, assault, and misdemeanor child abuse. The court also observed that Soto had provided false testimony in a naturalization proceeding, and it emphasized the seriousness of his return to the United States after his deportation. The court explained that it considered Soto's arguments for a downward variance but ultimately believed the low-end Guidelines sentence imposed was "sufficient, but not greater than necessary, to" satisfy the 18 U.S.C. § 3553(a) sentencing factors, particularly in light of "the need to promote respect

3

for the law, deter criminal conduct, and to protect the public from further crimes." (J.A. 38).[*]

Soto argues that the district court's explanation failed to address two nonfrivolous arguments that he raised in support of his request for a downward variance: that he was a hard worker and entrepreneur who initially came to the United States legally, worked for his legal status, and supported others, and that he was remorseful and would not return to the country again, which Soto characterizes on appeal as an argument that he presented a low risk of recidivism. Although the district court did "not address separately each supporting data point marshalled for a downward variance," *Fowler*, 58 F.4th at 153–54 (internal quotation marks omitted), it is clear from the court's fulsome explanation that it "considered the parties' arguments and ha[d] a reasoned basis for exercising its own legal decision-making authority," *Friend*, 2 F.4th at 379 (internal quotation marks omitted). "In sum, this is not a case where the district court passively heard the parties' arguments and then seemed to ignore them." *Fowler*, 58 F.4th at 155 (brackets and internal quotation marks omitted). To the contrary, the court clearly conducted an individualized assessment of Soto and concluded that a within-Guidelines-range sentence was appropriate. Accordingly, we discern no procedural error in the court's imposition of Soto's sentence.

We therefore deny as moot Soto's motion to expedite, and we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*