**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4202**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE HALL,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:18-cr-00685-RMG-1)

---

Submitted:  January 12, 2024                Decided:  May 29, 2024

---

Before KING and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant.  Christopher Braden Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Hall appeals his convictions, following a jury trial, for assaulting another inmate with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3), 7(3), and assaulting another inmate with such assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 7(3), and the resulting 120-month sentence. On appeal, Hall argues that the district court erred in denying him the opportunity to present a justification defense, and that the court procedurally erred in imposing an upward departure at sentencing. He also asserts, in a letter filed pursuant to Fed. R. App. P. 28(j), that he should receive the benefit of the Sentencing Commission's recent amendment to U.S. Sentencing Guidelines Manual § 4A1.1 (Amendment 821). We affirm.

For a defendant to rely on the affirmative defense of justification, he must put forth sufficient evidence that: (1) he "was under unlawful and present threat of death or serious bodily injury;" (2) he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) he "had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm);" and (4) there was a "direct causal relationship between the criminal action and the avoidance of the threatened harm."* *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989). We agree with the district court that a justification defense was unwarranted because the evidence does not support a conclusion that Hall was under an imminent threat of death or serious injury. Although

---

\* The parties dispute whether the district court's decision to preclude Hall's justification defense should be reviewed de novo or for an abuse of discretion. We need not resolve this issue because we discern no error by the district court under either standard.

Hall was threatened with physical harm by several inmates on the day he assaulted the victim, there is no evidence that the victim ever threatened Hall. Nor is there any evidence that the prisoners who did threaten Hall were anywhere near Hall's cell when, several hours after the threat, Hall assaulted the victim, whom he believed to be involved in the plan to harm him. And although Hall argues that the evidence should be viewed in conjunction with proffered testimony that he suffered from battered person syndrome, the district court correctly concluded that such evidence would be inadmissible. Although Hall faced sexual abuse and trauma throughout his life—including during his incarceration—he did not allege that any of the inmates who threatened him in prison had been one of his abusers, nor was he trapped with one of them as a cellmate. Instead, he argued that a mere threat of future violence against him—which is a common, although unfortunate, fact of prison life—was a sufficient reason for him to preemptively attack the victim. Thus, we conclude that the district court did not err in denying Hall's request to introduce a justification defense.

Turning to Hall's challenge to his sentence, we review a sentence for reasonableness by applying a "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). In doing so, our "inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range[] . . . or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive

3

reasonableness by considering the totality of the circumstances." *Id.* (internal quotation marks omitted).

A district court may depart upwardly from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. In determining whether the criminal history category underrepresents the defendant's criminal history, the court may consider prior sentences that were not used in computing the criminal history score as well as "[p]rior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(A), (E), p.s. If the district court finds the criminal history category inadequate, it must "refer first to the next higher category and . . . move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." *United States v. Rusher*, 966 F.2d 868, 884 (4th Cir. 1992). The court must then state in writing "the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(c)(1), p.s. However, the district court need not "go through a ritualistic exercise in which it mechanically discusses each criminal history category . . . it rejects en route to the category . . . that it selects." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted).

The district court upwardly departed from a criminal history category of III to a criminal history category of VI. Hall argues that the court did not properly explain why it

viewed criminal history categories IV and V as inadequate.  However, in both the oral pronouncement of sentence and the court's subsequent written order, the court outlined Hall's extensive history of violent prison incidents, as well as the violent nature of his previous conviction for shooting his brother.  And although the court did not give distinct reasons for each category increase from III to VI, in its written order, the court noted that it had "carefully evaluated Defendant's conduct at each criminal history point above the calculated criminal history of III and determined that only at Criminal History VI was there an accurate reflection of his criminal history and risk of recidivism."  We therefore conclude that the district court's explanation for its upward departure was sufficient.

Finally, Hall contends that the district court erred by failing to explain orally at the sentencing hearing why criminal history categories IV and V were inadequate.  We review for harmless error a sentencing court's failure to adequately explain a chosen sentence. *See, e.g., United States v. Patterson*, 957 F.3d 426, 440 (4th Cir. 2020).  "For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted).  Any error here is harmless, given that the district court reaffirmed its reasoning in a subsequent sentencing memorandum.

Accordingly, we affirm the criminal judgment.  We decline to decide whether Hall should be resentenced in light of Amendment 821.  However, our decision is rendered without prejudice to Hall's ability to pursue a sentence reduction in the district court pursuant to 18 U.S.C. § 3582(c)(2).  We dispense with oral argument because the facts and

5

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*