**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4399

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:22-cr-00084-BO-RJ-1)

Submitted:  June 28, 2024                                      Decided:  July 9, 2024

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Taylor pled guilty without a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Taylor to 48 months' imprisonment, which was above the advisory Sentencing Guidelines range. On appeal, Taylor argues that his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous arguments for a within-Guidelines sentence. The Government counters that the record establishes that the district court rejected Taylor's mitigating arguments and that the court's reasons for rejecting Taylor's arguments were patently obvious in context. And, in any event, the Government asserts, any procedural error was harmless. For the reasons that follow, we vacate the criminal judgment and remand for resentencing.

We review the procedural reasonableness of Taylor's sentence "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Of particular importance here, a district court "must address or consider all nonfrivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but

as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). At bottom, the district court's "explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up). As long as the "district court addresses [the] defendant's 'central thesis,'" an exhaustive explanation is not required. *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022). Still, some explanation is necessary, as we may not "guess at which arguments the court might have considered or assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted). Moreover, when a district court imposes a variance, the court must give "serious consideration" to the extent of the variance and adequately explain the chosen sentence. *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012).

Although the parties dispute what constituted Taylor's "central thesis" at sentencing, our review of the record leads us to conclude that Taylor's sentence is procedurally unreasonable because the district court did not address a nonfrivolous argument Taylor made for imposing a lower sentence, nor did it explain why it had rejected that argument. *See Ross*, 912 F.3d at 744. Specifically, the district court failed to address Taylor's primary argument that his criminal history was old and that the birth of his child, coupled with the time he spent incarcerated, changed his perspective. Even viewing the

3

court's explanation in the context of the sentencing hearing as a whole, the record fails to provide sufficient contextual indicators to confirm that the court, in fact, considered these arguments or to illuminate its reasons for rejecting them. *See Nance*, 957 F.3d at 213; *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Absent more, we are left to "guess at the district court's rationale" when factoring these considerations into its sentencing calculus, inhibiting our meaningful appellate review of the sentence. *See Ross*, 912 F.3d at 745 (internal quotation marks omitted). Thus, we conclude that the court procedurally erred in failing to provide adequate explanation when rejecting Taylor's arguments for a within-Guidelines sentence.

The Government alternatively contends that any deficiency in the court's explanation is harmless. A procedural sentencing error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up); *see Ross*, 912 F.3d at 745. Our review of the record belies the Government's assertion that the court's failure to more explicitly consider or address these remaining arguments is harmless.

Accordingly, we vacate the criminal judgment and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4