**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4716**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ALVIN MARION PICKETT,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00143-D-1)

───────────────

Submitted:  August 21, 2024                Decided:  September 4, 2024

───────────────

Before THACKER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, ESQ., Myrtle Beach, South Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Marion Pickett appeals his 240-month sentence imposed on resentencing pursuant to his guilty plea to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). In resentencing Pickett, the district court departed upward from the advisory Sentencing Guidelines range of 168 months' imprisonment pursuant to U.S. Sentencing Guidelines Manual § 5K2.21, p.s. (2021), on the basis that Pickett's Guidelines range did not adequately reflect the seriousness of his offense conduct. The district court alternatively imposed the 240-month sentence as an upward variance. On appeal, Pickett asserts that his sentence is procedurally and substantively unreasonable. We affirm.

Pickett pled guilty pursuant to a written plea agreement. In accordance with that agreement, the district court dismissed four counts of Hobbs Act robbery, one count of attempted Hobbs Act robbery, one count of possession of a firearm by a convicted felon, and three additional counts of brandishing a firearm in furtherance of a crime of violence, two of which remain valid if they were to be charged today.[1] In a prior appeal, we vacated Pickett's original 246-month sentence because the district court had not pronounced every discretionary condition that would govern Pickett's supervised release, in contravention of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984

---

[1] Although the indictment charged Pickett with five total § 924(c) counts, one of the dismissed counts was predicated on the attempted Hobbs Act robbery and, thus, would no longer be valid following *United States v. Taylor*, 596 U.S. 845, 850-52 (2022).

F.3d 341 (4th Cir. 2021), and remanded to the district court for resentencing. *United States v. Pickett*, No. 18-4844, 2021 WL 5755090, at *1 (4th Cir. Dec. 3, 2021).

At the time of Pickett's original sentencing hearing in November 2018, he faced a statutory mandatory minimum of 32 years' imprisonment. *See* 18 U.S.C. § 924(c)(1)(C) (2018) (establishing 25-year mandatory minimum for each "second or subsequent conviction under" § 924(c)). But while Pickett's case was pending on appeal, Congress enacted the First Step Act, which clarified that the enhanced 25-year mandatory minimum in 18 U.S.C. § 924(c)(1)(C) is triggered only after a prior § 924(c) conviction has become final. *See* First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222.

In light of the new seven-year mandatory minimum sentences for each of Pickett's § 924(c) convictions, on remand for resentencing, the district court calculated Pickett's Sentencing Guidelines range and established an advisory range of 168 months' imprisonment. The court then granted the Government's motion for an upward departure under USSG § 5K2.21, p.s., which permits a court to

> depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

After hearing the parties' arguments for an appropriate sentence and allowing Pickett to allocute, the district court ultimately imposed a sentence of 240 months' imprisonment.

On appeal, Pickett asserts that his above-Guidelines sentence denies him the benefit of the First Step Act, is inconsistent with sentences of similar offenders, and fails to reflect

3

the "vast improvements" Pickett has demonstrated during his incarceration.  Appellant's Br. at 14.  The Government emphasizes that Pickett "cites no procedural error in the [district] court's determination that 168 months' imprisonment did not reflect the actual seriousness of [Pickett's] criminal conduct" and that, in any event, any procedural error with the sentence "would be harmless because the court announced a well-supported alternative variance sentence."  Gov't Br. at 14.

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  In reviewing whether a sentence is reasonable, we must first ensure the district court did not commit "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  Importantly, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments."  *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).  The district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing

4

or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). At bottom, "[t]he district court's sentencing explanation need not be exhaustive or robotically tick through the § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (citations and internal quotation marks omitted).

"If the [c]ourt finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (brackets and internal quotation marks omitted). In evaluating substantive reasonableness, we look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). "As part of this review, we consider the extent of any variance from the Guidelines range." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted). "We may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

Here, Pickett's offense conduct underlying the charges dismissed pursuant to the plea agreement involved a string of robberies of local Raleigh businesses. In each robbery, Pickett pointed a firearm at a store or restaurant employee and forcefully demanded money

5

from the cash register.  The district court thoroughly explained its belief that an upward departure from the 168-month Guidelines range—which was calculated exclusively based on the statutory minimum sentences—was necessary in order to adequately account for the seriousness of this offense conduct.  We discern no procedural error in the court's imposition of Pickett's sentence.[2]

Finally, Pickett contends that his sentence is substantively unreasonable in light of his mental health progress while incarcerated, his participation in prison programming and employment, his payments toward his restitution obligation, and his remorse and expressed desire to improve himself.  But the record reflects that the district court engaged with Pickett's mitigating arguments and found that they were outweighed by the "horrific" nature of Picket's robbery spree, J.A. 178, and the fact that Pickett's victimization of others did not end with his incarceration, citing a "terrible" incident in prison during which Pickett masturbated in the presence of a female Bureau of Prisons staff member, J.A. 181.  The district court stated that it had considered both parties' arguments and the 18 U.S.C. § 3553(a) factors, it particularly emphasized the "great need for incapacitation . . . [and] to reflect the seriousness of the offense behavior." J.A. 207.  .  In light of the court's thorough analysis, we find that Pickett's sentence is substantively reasonable.

---

[2] Although we conclude that the district court did not commit procedural error, even if it had, any error would be harmless because the district court expressed its intent to vary based upon its weighing of the § 3553(a) factors. *See United States v. Grubbs*, 585 F.3d 793, 804 (4th Cir. 2009) (holding that where a district court errs in its departure analysis, the same variant sentence may still be reasonable if justified by the § 3553(a) factors); *see also United States v. Hargrove*, 701 F.3d 156, 161-63 (4th Cir. 2012) (discussing harmless error inquiry).

Accordingly, we affirm Pickett's sentence. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*