**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4187

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL RICHARD TOMLINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00045-GMG-RWT-1)

Submitted:  November 19, 2024                    Decided:  February 3, 2025

Before NIEMEYER and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Kyle R. Kane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Richard Tomlinson pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and interstate violation of a protective order and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2262(a)(1).  The district court sentenced Tomlinson to 120 months' imprisonment, which was more than double the high end of his Sentencing Guidelines range.  On appeal, Tomlinson argues that the sentence is procedurally and substantively unreasonable because the district court failed to address his nonfrivolous arguments for a lower sentence based on his status as a youthful offender, failed to justify the extent of the upward variance, and failed to consider the Sentencing Commission's position regarding youthful offenders.  Finding no reversible error, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021).  We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Id.* (internal quotation marks omitted).

2

Relevant here, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). A "[d]istrict court[] need not spell out [its] responses to [the] defendant['s] arguments where context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Id.* (cleaned up). Moreover, as long as the "district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up).

Our review of the record confirms that the district court properly engaged with defense counsel's youthful offender argument and noted that it had considered all of the memoranda submitted and defense counsel's arguments in opposition to an upward variance. When imposing the sentence, the court recognized that Tomlinson was only 24 years old and that his mental health and substance abuse issues likely played a role in his conduct, but it found that an upward variant sentence was warranted in light of Tomlinson's criminal history, his violent conduct associated with the current charges, and his danger to the public. We therefore conclude that Tomlinson's sentence is procedurally reasonable.

If we find "no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (cleaned up). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal quotation marks omitted). However, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (cleaned up). Rather, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

Here, the district court clearly articulated the basis for finding that an upward variance was warranted under the § 3553(a) factors. The district was particularly concerned with Tomlinson's violent criminal history at such a young age, the similarity of this case to the Gabby Petito case, the months of physical and emotional abuse to which Tomlinson subjected his victim, and the need to protect the public. We therefore conclude that the district court did not abuse its discretion by imposing the above-Guidelines sentence.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*