**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4271**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE ERNELL HINTON,

Defendant - Appellant.

**No. 25-4272**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE ERNELL HINTON,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:09-cr-00110-FL-1; 5:24-cr-00015-FL-1)

Submitted:  April 28, 2026                    Decided:  April 30, 2026

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Rudy E. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Ernell Hinton pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Hinton to 170 months' imprisonment, within the advisory Sentencing Guidelines range. On appeal, Hinton argues that the sentence is procedurally unreasonable because the district court failed to address his nonfrivolous argument that the district court should reject the career offender Guidelines sentencing range on which his sentence was based because it is not empirically-based, is not followed by most courts, does not promote public safety, and promotes racial disparities in sentencing.

The district court also revoked Hinton's supervised release for his prior bank robbery conviction based on his guilty plea to the instant bank robbery charge. The court sentenced Hinton to 24 months' imprisonment, with 12 months to run consecutive to the 120-month sentence for the new offense. Although he appealed the revocation judgment, Hinton concedes the court did not commit any error in revoking his supervised release and imposing the sentence. Finding no error, we affirm both judgments.

We review the procedural reasonableness of Hinton's sentence for his new criminal conduct "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). A district court "must address or consider all non-frivolous

3

reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). At bottom, the district court's "explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (citation modified).

We have reviewed the record and conclude that the district court adequately considered the parties' nonfrivolous sentencing arguments and explained its rationale for imposing Hinton's 170-month sentence based on Hinton's history, characteristics, and the serious nature of the conduct underlying the offense. The court rejected Hinton's "central thesis"—that he deserved a lower sentence based on policy grounds—finding that this argument was outweighed by the seriousness of the offense and the needs to promote respect for the law, protect the public, and afford adequate deterrence. Indeed, as here, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214.

4

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*