**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4306**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

JARVIS MIKEL JACKSON,

        Defendant – Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:21-cr-00495-HMH-1)

---

Submitted:  March 26, 2026                                      Decided:  June 10, 2026

---

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Winston Irwin Marosek, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2021, Jarvis Mikel Jackson pled guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a prison term of 115 months. We twice vacated Jackson's sentence on appeal and remanded for resentencing. *See United States v. Jackson*, 2023 WL 2852624 (4th Cir. Apr. 10, 2023); *United States v. Jackson*, 127 F.4th 448 (4th Cir. 2025). Jackson is now before us for a third time, appealing the same 115-month sentence on the ground that it is both procedurally and substantively unreasonable. We disagree and therefore affirm the judgment of the district court.

We begin with procedural reasonableness. To meet our procedural reasonableness standard, a district court must correctly calculate a defendant's advisory Sentencing Guidelines range, give the parties an opportunity to argue for an appropriate sentence, consider the 18 U.S.C. § 3553(a) factors, and sufficiently explain the selected sentence. *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). The district court's explanation, coupled with "the full context" of the sentencing hearing, must reflect that the court "conduct[ed] an individualized assessment of the facts and arguments presented" and "considered a defendant's nonfrivolous arguments for a lower sentence." *United States v. Nance*, 957 F.3d 204, 212–13 (4th Cir. 2020) (internal quotation marks and citations omitted).

That standard was satisfied here. There is no dispute over Jackson's advisory Guidelines range, which the district court has consistently identified as 110 to 120 months' imprisonment. Nor does Jackson contend that he lacked an opportunity to present his sentencing case. Instead, Jackson focuses on the district court's explanation for his

2

sentence, arguing primarily that the district court failed to conduct the required individualized assessment of his circumstances and to address his arguments for a lower sentence. These are the very shortcomings we identified when we last reviewed Jackson's sentence. *See Jackson*, 127 F.4th at 456–57. But on remand, the district court properly addressed those concerns when it resentenced Jackson, again to 115 months' imprisonment.

First, the record of Jackson's resentencing shows that the district court expressly considered "individualized fact[s] about Jackson" before it imposed its sentence. *Id.* at 456. Tracking the § 3553(a) factors, the court addressed the nature and circumstances of Jackson's offense, as well as Jackson's history and characteristics. *See, e.g.*, J.A. 65 (recounting Jackson's offense conduct and emphasizing the "dangerous circumstance" created by his attempt to evade arrest); J.A. 66–67 (describing Jackson's criminal history and gang affiliation); J.A. 63 (describing and commending Jackson's rehabilitation efforts while incarcerated). Though its explanation "need not be lengthy," a district court "must offer *some* individualized assessment justifying the sentence imposed," *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010) (internal quotation marks and citation omitted), and the district court did that here.

Second, when it resentenced Jackson, the district court considered Jackson's mitigating arguments. On remand, Jackson raised substantially the same arguments for a downward variance as at his prior sentencing, relying primarily on his post-sentencing efforts at rehabilitation while incarcerated: his excellent behavior, with no disciplinary infractions, at a facility known for its harsh conditions; and his job-skills classes and work

3

toward a GED.  *See Jackson*, 127 F.4th at 453; J.A. 48–49.  This time, the district court squarely addressed Jackson's post-sentencing record, noting Jackson's lack of disciplinary infractions and commending his class work.  J.A. 63, 69–70.  But at the end of the day, the district court explained, it did not believe that Jackson's mitigating conduct outweighed the other sentencing considerations, taking into account "the totality of [] the facts."  J.A. 70.  That kind of assessment is within the prerogative of the district court.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) ("The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." (citation omitted)).  For purposes of procedural reasonableness, what matters is that the district court here considered Jackson's arguments for a lower sentence and explained why it found them unavailing.

Jackson also contends his sentence is substantively unreasonable, but again, we disagree.  To assess this claim, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).  And we treat Jackson's 115-month sentence as "presumptively reasonable," because it falls within the properly calculated 110- to 120-month advisory Guidelines range.  *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

Jackson argues primarily that the district court put too much weight on certain § 3553(a) factors – in particular, the circumstances of Jackson's offense (including Jackson's efforts to evade arrest) and Jackson's criminal history – at the expense of other

4

factors on which Jackson's post-sentencing rehabilitation would bear. But "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). Like the district court, we commend Jackson for his post-sentencing efforts at rehabilitation, and we appreciate that Jackson hoped they would carry more weight at sentencing. But on this record, we are satisfied that Jackson's sentence, which falls in the middle of the Guidelines range, does not constitute an abuse of the district court's broad sentencing discretion.[*]

For the foregoing reasons, we find Jackson's sentence both procedurally and substantively reasonable. We thus affirm the judgment of the district court.

*AFFIRMED*

---

[*] Under the rubric of substantive reasonableness, Jackson also objects to a portion of his resentencing hearing during which the district court asked a United States Marshal about the gun Jackson possessed and whether it was "considered [] large enough" to "knock a person down," and the Marshal replied that it was. J.A. 68. Jackson did not register any objection to this exchange at the time and so has likely forfeited this argument. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993) (laying out plain error standard of review that governs claims forfeited in district court). In any event, the context indicates that the district court was effectively making what it called a "judicial finding" about the dangerousness of the weapon Jackson possessed as part of his offense, J.A. 68 – a relevant factor under § 3553(a). We see no reversible error here.